## English's Estate.

*Wills—Construction—Residuary estate—Intestacy—Words and phrases "and" and "or."*

1. The rule that every intendment is to be made against holding a person to die intestate who has undertaken to dispose of his residuary estate, and that in arriving at the intention of a testator,

courts do not look with favor upon a construction of a will which leads to intestacy, does not mean that courts are at liberty to interpolate provisions not contained in the will in order to avoid an intestacy, or that express directions of the testatrix may be disregarded or that plain language may be given a meaning not imported by the words used.

2. Testatrix by will provided that her estate should be divided into two shares to be held in trust for her two grandchildren with remainders to their issue, and with a gift over "should either of my said named grandchildren die before reaching the age of thirty years and without leaving surviving issue." One grandchild died at the age of fifty-seven leaving no issue. *Held,* (1) the contingency upon which the gift over depended had not happened; (2) that an intestacy resulted; (3) that the word "and" cannot be read "or," so as to avoid an intestacy.

Argued Oct. 22, 1913. Appeal, No. 61, Oct. T., 1913, by Elizabeth Kuhn Kramer, Executrix of William A. Kramer, deceased, from decree of O. C. Allegheny Co., Oct. T., 1912, No. 148, dismissing exceptions to adjudication in Estate of Juliet G. English, deceased. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Exceptions to adjudication. Before OVER, J.

The facts are stated in the opinion of the Supreme Court.

The court dismissed exceptions to the adjudication.

*Error assigned* was the decree of the court.

*C. F. C. Arensberg,* of *Patterson, Crawford, Miller & Arensberg,* with him *J. F. Schaperkotter,* for appellant. —There is no ambiguity or uncertainty in the language of the will or the ninth paragraph thereof, and there is no need of artificial rules of construction: Reck's App., 78 Pa. 432; DeSilver's Est., 142 Pa. 74; Buckman's App., 195 Pa. 363; Thompson's Est., 229 Pa. 542.

The word "and" cannot be read as "or" in the ninth

paragraph of the will: Cheesman v. Wilt, 1 Yeates 411; Doebler's App., 64 Pa. 9.

There is an intestacy as to Kramer's share upon his death over thirty without issue: Reed's Estate, 237 Pa. 125.

*Edward F. Hays,* for appellees.—The general intent expressed by the will was to dispose of the whole of her estate and to pass the corpus of the trust in question unimpaired to her great-grandchildren, if any: Cox's Est., 180 Pa. 139; Middleswarth v. Blackmore, 74 Pa. 414; Earp's Will, 1 Parsons Select Eq. Cases 453; Ferry's App., 102 Pa. 207; Tyson's Est., 191 Pa. 218; Miller's App., 113 Pa. 459.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

It is apparent from a reading of her will that the testatrix intended to make a final disposition of her residuary estate, which was to be held in trust, by providing who shall take upon the happening of certain contingencies, but it is equally apparent that she did not provide for the contingency which subsequently happened and upon which this controversy depends. It is argued for appellant that every intendment is to be made against holding a person to die intestate who has undertaken to dispose of his residuary estate, and that in arriving at the intention of a testator, courts do not look with favor upon a construction of a will which leads to intestacy: Keene's Est., 221 Pa. 201. This, of course, is a proper statement of the attitude of courts in the interpretation of testamentary instruments, but it does not mean that courts are at liberty to interpolate provisions not contained in the will in order to avoid an intestacy, or that express directions of the testator may be disregarded, or that plain language may be given a meaning not imported by the words used. If the testatrix had simply divided her residuary estate into two shares to be held in trust for the benefit and maintenance of the

two grandchildren who were named as beneficiaries in the will, each share being subject to all the contingencies for which she attempted to provide, and in addition had provided that upon the death of either grandchild without leaving surviving issue, there should be a gift over of that share to the surviving grandchild, her intention would have been so clear as not to admit of any doubt. But this she did not do although it is contended for appellees that it was her intention to so provide, and that the will should be so construed as to give effect to this assumed intention. The difficulty with this position is that we cannot assume what her intention was by what she did not say, but must gather it from what she did say. She had the undoubted right to give her estate to whom she pleased and to annex to the gifts such conditions as she thought proper to impose provided they were not unlawful. In the present case the conditions and contingencies are lawful and no question of public policy or of unlawful disposition of an estate arises. When the testatrix undertook to provide in detail for the contingencies upon which the gifts over were to become effective, we must assume that she meant to include in that enumeration all the contingencies she had in mind affecting the disposition of her residuary estate. With this thought in mind let us examine the will in question and see whether, either by any fair construction of the language used or by reasonable intendment, we can discover an intention upon the part of the testatrix to give the share set apart for the grandson to the granddaughter in the event of that grandson dying after he was thirty years of age without leaving surviving issue. There is no such express provision in the will, nor can such an intention be derived from any of its provisions without doing violence to the meaning of plain language. The grandson died a long time after he was thirty years of age, leaving a widow but no surviving issue. We have only to do with the share held in trust for the grandson in the present case. He took under

clause seven of the will which was in the nature of a spendthrift trust. Primarily he was only entitled to the net income for life, but his trustees had power at their discretion to give him a part of the corpus absolutely, but this power was never exercised; so that at the time of his death the share set apart for his use remained intact. With respect to this share the will provides: "Upon the death of my said grandson what shall then remain of this one half of my residuary estate shall be paid or transferred to the issue of my said grandson." There was no issue and therefore no one to take under this clause, and an intestacy clearly resulted unless we can find authority in some other part of the will for the disposition of this share of the residuary estate. Appellees contend that clause nine supplies the deficiency and that a gift over to the granddaughter is clearly intended. It is true this clause does provide for a gift over upon certain contingencies. It is there provided as follows: "Should either of my said named grandchildren die before reaching the age of thirty years, and without leaving surviving issue," then and in that event the father of each grandchild was to receive a legacy of a certain amount, and the residue of the share thus set apart was to go as a gift over in trust to the survivor of the two named grandchildren. It will be seen, however, that the gift over under this clause was made to depend upon the death of a grandchild "before reaching the age of thirty years, and without leaving surviving issue." The grandson did not leave surviving issue, but he died long after attaining the age of thirty years. In other words the contingencies did not happen upon which the testatrix made the gift over depend. It is suggested that the word "and" should be read as "or" so that the gift over would become effective upon the death of the grandson before thirty, or his death at any time without leaving surviving issue. This would be an easy solution of the present controversy, but it would ignore the meaning of plain language and would strike

down one of the contingencies which the testatrix thought proper to annex to the right of taking the gift over. If this view be adopted, it would necessarily follow, that if the grandson had died before thirty, leaving issue, his issue could not have taken, because his share, under such a construction, would have gone as a gift over to the surviving grandchild under clause nine. This would defeat the whole scheme of the will and be in direct conflict with clause seven. This exact question was practically ruled in Cheesman v. Wilt, 1 Yeates 411. In that case there was a devise of land to two named persons, their heirs and assigns, upon the conditions that if they shall die under age and without issue, then remainders over; and it was held that the remaindermen could only take on the happening of both contingencies, their dying under age and without issue. We can see no difference in principle between that case and the one at bar. Many other cases might be cited to the same effect, but nothing of value can be added by prolonging the discussion. The will in the present case was skillfully drawn and has all the ear marks of intelligent consideration coupled with careful preparation. The language used is plain and unambiguous; the intention of the testatrix is clearly expressed; and when these conditions exist there is little room for construction. It is our duty to give effect to the plain intention of the testatrix as manifested in the language used by her in the disposition of her estate. If an intestacy results, it is because the testatrix undertook to provide for all the contingencies which she thought might happen, but failed to provide for the one that did happen.

Decree reversed and record remitted with directions to make distribution in accordance with the views herein expressed. Costs to be paid out of the estate.