# McConnell's Estate.

*Wills—Construction—Gift to wife for life—Remainder to children—Gift of estate given to wife for life to testator's brother—Vested estate—General scheme of will.*

A testator gave one-third of his estate to his wife for life and the residue in trust to his executors to pay the income to his two children, a daughter and a son, during their respective lives, and, on the death of the wife, the one-third was given in trust to pay the income to the son and daughter for their lives, and if either child should die without issue the income of the one so dying should be paid to the surviving child, and if either child should die leaving issue, his or her share of the estate, left in trust, should be paid to his or her issue freed from the trust, and if both the son and daughter died without leaving issue, their shares and interests before given held in trust should be paid to the testator's brother, his heirs and assigns, freed of the trust, and upon the death of the wife, and both the son and daughter, the one-third of the estate given to the wife during her life, should be paid to the testator's brother, his heirs and assigns. *Held,* that, where the brother survived the testator, he acquired a vested interest in remainder in the one-third share of the estate given to the wife, subject to the prior life estate and that where it appeared that the prior life estates had terminated and that the brother had died, his children were entitled to the estate given to the wife, to the exclusion of the child of the testator's son.

Argued January 7, 1920.   Appeal, No. 25, Jan. T., 1920, by Joseph McNamee, Guardian of Catharine McConnell, a minor, from decree of O. C. Philadelphia Co., Jan. T., 1894, No. 229, dismissing exceptions to adjudication in estate of John McConnell, deceased. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Exceptions to adjudication.   Before GUMMEY, J.

The exceptions involved the construction of the will of John McConnell, deceased, which was in part as follows:

"Second.—I give, devise and bequeath the one-third of my entire estate, real, personal and mixed to my wife, Ann for the period of her life.

"Fourth.—All the rest, residue and remainder of my estate, real, personal and mixed, I give, devise and bequeath to my executors and trustees hereinafter named and the survivor and survivors of them.   In trust thereafter to receive the income and profits thereof, to pay the taxes thereon, to keep the real estate in repair and, after deducting the necessary expenses, to pay over from time to time the whole of the net income of my said residue estate to my two children, Catharine McConnell and Andrew McConnell, share and share alike, during their respective lives.

"Fifth.—On the decease of my wife, Ann, I give, devise and bequeath the one-third part of my whole estate (which I have given to my wife for life) to my executors and trustees hereinafter named and the survivor or survivors of them in trust thereafter to receive the income and profits thereof, to pay the taxes thereon, to keep the real estate in repair and after deducting the necessary expenses to pay over from time to time the whole of the net income of my said estate to my two children, Catharine McConnell and Andrew McConnell share and share alike, during their respective lives.

"Sixth.—In the event of the death of either of my said two children without issue her or him surviving her

or his share of the net income as heretofore provided shall be paid by the said trustees to my surviving child during her or his lifetime.

"Seventh.—In the event of my daughter Catharine dying leaving lawful issue, I give, devise and bequeath the part or share heretofore left to my said daughter in trust to such issue, his, her or their heirs and assigns entirely free of the provisions of the said trust.

"Eighth.—In the event of my son Andrew dying leaving lawful issue, I give, devise and bequeath the part or share heretofore left to my said son in trust to such issue, his, her or their heirs and assigns entirely freed of the provisions of the said trust.

"Ninth.—Upon the death of my daughter Catharine and my son Andrew without leaving lawful issue I give, devise and bequeath the shares and interests heretofore given to my two children in trust to my brother Patrick McConnell, his heirs and assigns entirely freed of the said trusts.

"Tenth.—Upon the decease of my wife Ann and upon the death of both of my said daughter Catharine and my son Andrew, I give, devise and bequeath the one-third of my whole estate (heretofore given to my said wife Ann for the period of her life) to my brother Patrick McConnell, his heirs and assigns."

The court dismissed the exceptions for the reasons stated in the opinion as follows by GUMMEY, J.:

A careful reading of this testator's will convinces us that he had in mind a separate and distinct disposition to be made of the one-third of his estate which he gave to his wife for life, as distinguished from the two-thirds which, by the residuary clause, he gave in trust for his children, Catharine and Andrew.

The will is arranged by paragraphs; by the second paragraph the testator gave one-third of his entire estate to his wife for life; by the fifth paragraph the testator gave this one-third, on the death of his wife, to his executors in trust to pay the net income to his two chil-

dren, Catharine and Andrew, during their respective lives; and by the tenth paragraph he provided as follows:

"Tenth.—Upon the decease of my wife Ann and upon the death of both my said daughter Catharine and my son Andrew, I give, devise and bequeath the one-third of my whole estate, (heretofore given to my said wife Ann for the period of her life) to my brother Patrick McConnell, his heirs and assigns."

It was urged at the argument that the words "without issue" should be supplied in the tenth paragraph after the word "death" on the theory that the general scheme of the will, as particularly shown by the ninth clause thereof, discloses the testator's intention that the gift in favor of Patrick McConnell was only to take effect in the event of the death of both Catharine and Andrew McConnell without issue; and that, as both Catharine and Andrew are now dead, the former without issue and the latter leaving to survive an only child, this child of Andrew's is entitled to receive the one-third share under discussion.

It is an established rule of construction that words will not be read into a will unless it is certain beyond a reasonable doubt that the testator has not expressed himself as he intended and supposed he had done: see McKeehan v. Wilson, 53 Pa. 74; Hellerman's App., 115 Pa. 120; Bender v. Bender, 226 Pa. 607; Thompson's Est., 229 Pa. 542. Considering the second, fifth and ninth [10th] paragraphs together as expressing testator's intention as to the one-third share given to his wife for life, we arrive at an harmonious construction which does no violence to the remaining paragraphs of the will; on the other hand, if we supply the words "without issue," in the tenth paragraph, then the tenth paragraph becomes mere surplusage and serves to effectuate no purpose which would not be accomplished by the provisions of the ninth paragraph.

We therefore reach the conclusion that the testator has, in plain language, expressed the intention that upon the death of his wife and children the one-third share of his estate given to his wife for life shall pass to his brother, Patrick; as Patrick survived the testator, he acquired in this share a vested interest in remainder, subject to the prior life estates, and the life estates having terminated, the estate of Patrick McConnell, deceased, is entitled thereto.

The exceptions are dismissed.

Exceptant, guardian of a grandchild, appealed.

*Errors assigned* were dismissing the exceptions.

*Michael J. Ryan*, with him *James F. Boylan*, for appellant.

*William O. Armstrong*, for appellees, not heard.

PER CURIAM, February 2, 1920:

The opinion of Judge GUMMEY, speaking for the court below, fully and correctly disposes of the question here involved, and the decree appealed from is affirmed thereon; costs to be paid out of the fund.