## Carey, Appellant, v. Altoona et al.

Argued September 30, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*R. J. Puderbaugh,* for appellant.

*Samuel H. Jubelirer,* for appellee.

OPINION BY MR. JUSTICE STERN, October 28, 1940:

Harry S. Carey contends on this appeal that he was dismissed illegally from his position as chief of police of the City of Altoona. The writ of alternative mandamus which he obtained in order to secure reinstatement was quashed by the court below.

Carey became a member of the police force as a patrolman in 1924, in the same year he was promoted to the rank of sergeant, in 1926 he became a lieutenant, in 1931 a captain, and on December 31, 1937, chief of police. By an ordinance of the city council passed in 1931 it was provided that the bureau of police should be composed of a chief, a captain, three lieutenants, three sergeants, a detective, and fifty-four patrolmen. The salary of the chief was fixed at $2,400 a year, that of each of the lieutenants at $1,920 a year. On January 15, 1940, an ordinance was passed providing for the reorganization of the bureau and enacting that it should be composed of four lieutenants, three sergeants and fifty-five patrolmen, the salary of each of the lieutenants to be, as theretofore, $1,920 per year; by the terms of this ordinance all previous ordinances or parts of ordinances conflicting with its provisions were repealed. On the day of its passage the mayor issued an order designating Carey as a lieutenant.

Carey claims that he was demoted for political reasons, no charges of any kind being preferred against him. Were it not for the 1940 ordinance he would be entitled to prove, if he could, that he was indeed the victim of politics, because section 4407 of the Third Class City Law of June 23, 1931, P. L. 932, provides that no employee should be removed or transferred for any political reasons whatever, and it was held in the case of *Simmler v. Philadelphia,* 329 Pa. 197, 198 A. 1, that a demotion is equivalent to removal from one office and

appointment to another of lower rank. We have here, however, an enactment of the council which, if not in so many words, at least in plain import, does away entirely with the position of chief of police in the city of Altoona. The 1931 act provides, section 2001, (as did also the acts of May 23, 1889, P. L. 277, article 7, section 4, and June 27, 1913, P. L. 568, article 7, section 6), that the council shall fix, by ordinance, the number, rank and compensation of the members of the city police force, and, section 2002, that the council may designate, from the force, the chief and other officers. Establishing or maintaining the position of chief of police is not made mandatory, and the council has, therefore, under the right given it to fix the rank of the members of the force, the discretionary power to discontinue that position in the organization of the bureau. A legislative provision such as that contained in section 4407 of the 1931 act, that appointments should be for and during good behavior, does not limit the power of the council to abolish offices when deemed no longer necessary or desirable: *Essinger v. New Castle,* 275 Pa. 408, 119 A. 479; *Leary v. Philadelphia,* 314 Pa. 458, 172 A. 459.

It does not avail Carey to assert that the 1940 ordinance was enacted because of political considerations, that it was a mere subterfuge to effect his demotion and not honestly intended to reorganize the bureau. The reasons prompting the removal of an employee may be judicially investigated in order to ascertain whether they were such as are made illegal by statutory provisions, but where the office itself is abolished by legislative act or ordinance a court will not pry into the motives of the legislators who voted for its passage: *Leary v. Philadelphia,* 314 Pa. 458, 470, 172 A. 459, 464. "Good faith," in such a case, enters only into the determination of the question whether the office has really been abolished; whatever be the language of the enactment purporting to effect the abolition, if the office is substantially recreated, though under a different name, with a new appointee performing the same duties as the prior

incumbent, the court will invalidate such legislation as being nothing more than a pretense. But where, as here, the position and its emoluments are wholly and unquestionably abolished, and no new rank in the police force, either in name or substance, is created similar to that which is being discontinued, it is not for a court to say that the motive underlying the enactment of the ordinance may have been personal or political rather than a disinterested desire to further the public welfare.

The decree of the court below quashing the writ of mandamus is affirmed.