## Simasek et al., Appellants, *v.* McAdoo Borough et al.

Argued April 10, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James Gallagher,* with him *Gallagher & Gallagher,* for appellants.

*Roy P. Hicks,* with him *John Skweir* and *O. A. Wisansky,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 21, 1945:

The question is whether the appellee borough's police force, as constituted, came within the provisions of the Police Civil Service Act of 1941.

Section 1 of the Act of June 5, 1941, P. L. 84, 53 PS section 351.1, states: "This act shall not apply to any borough . . . having a police force of less than three members." On January 5, 1942, which was after the effective date of the Act, the police organization of the appellee borough consisted of a chief of police, a lieutenant and a captain, of which appellants were chief and lieutenant. On that date the Borough Council passed an ordinance reducing the force from three to two by *abolishing* the office of captain. This reduction was made "to curtail the Borough expenditures and introduce money saving measures." There was no evidence of bad faith or fraud. No action was later taken to fill the office or to increase the force. Approximately *three months thereafter,* on April 7, 1942, the Borough Council summarily dismissed the appellants and elected two

others to fill their positions. This action was admittedly proper if the provisions of the Act of 1941, supra, are inapplicable. The court below issued a writ of alternative mandamus to compel the borough to show cause why appellants should not be restored to duty. The court below dismissed the writ; this appeal is from that decree.

Appellants contend that the police force was never reduced from three to two. Their theory is that under Section 20 of the Act of 1941, 53 PS section 351.20, the person holding the office of captain was merely placed in an inactive status by "furloughing". This contention is without merit. It is true that the language of the court below is somewhat confusing. The opinion states that the reduction was made in accordance with the Act of 1941 and also that the office was "abolished". These are two different things. No provision is made in the Act for *abolition* of an office. The method set out therein to reduce the force for reasons of economy is by "furloughing", with reinstatement in order of seniority if the department is again increased. Appellants have *assumed* that the employee was *furloughed*. On the contrary, the ordinance clearly stated that the office was *abolished* and not merely temporarily suspended. As Mr. Justice HORACE STERN said in *Carey v. Altoona,* 339 Pa. 541, at page 543, 16 A. 2d 1: "A legislative provision . . . that appointments should be for and during good behavior, does not limit the power of the council to abolish offices when deemed no longer necessary or desirable: *Essinger v. New Castle,* 275 Pa. 408, 119 A. 479; *Leary v. Philadelphia,* 314 Pa. 458, 172 A. 459." Tenure of office and civil service statutes do not prevent a *bona fide* abolition of an office: see cases collected in 4 A. L. R. 207; 37 A. L. R. 816. See also *Petrillo v. City of Farrell,* 345 Pa. 518, 520, 29 A. 2d 84, and the following cases referring to other legislative offices: *Com. v. Weir,* 165 Pa. 284, 288, 30 A. 835; *Lloyd v. Smith,* 176 Pa. 213, 35 A. 199; *Commonwealth v. Moir,* 199 Pa. 534,

549, 49 A. 351; *Commonwealth v. Tice,* 282 Pa. 595, 597, 128 A. 506; *Pa. Tpk. Comm. Land Condemnation Case,* 347 Pa. 643, 648, 32 A. 2d 910. Compare: *Schearer v. Reading,* 346 Pa. 27, 28 A. 2d 790. In *Carey v. Altoona,* supra, Mr. Justice HORACE STERN further said (page 544): ". . . where, as here, the position and its emoluments are wholly and unquestionably abolished, and no new rank in the police force, either in name or substance, is created similar to that which is being discontinued, it is not for a court to say that the motive underlying the enactment of the ordinance may have been personal or political rather than a disinterested desire to further the public welfare." See also *Petrillo v. City of Farrell,* supra, page 520.

Appellants suggest that a resolution appointing one Phillip Carriott "as driver of the Borough truck at a salary of 50 cents per hour when on duty" and swearing him in "as a special Borough Police Officer" thereby added another member to the police force. This is untenable. Section 27 of the Act of 1941, 53 PS section 351.27, specifically states that the Act covers members of the police force who "devote their normal working hours to police duty . . . and who are paid a stated salary or compensation for such work by the municipality." The only evidence in the record shows that the special officer "serves only about two days a month" and "is paid by the hour".

The conclusion is thus inescapable that on April 7, 1942, the police force of this borough consisted of only *two* members. Faced with this fact, appellants further argue that once the borough came within the provisions of the Act of 1941, it was thereafter bound by the Act regardless of the number on the police force. Thus, according to appellants' view, if the borough abolished its *entire* police force or reduced it to one member, it would nevertheless be required to maintain a complete system of police civil service. As Mr. Justice DREW has well-stated in a discussion of the Act in *Haverford Twp.*

*v. Siegle,* 346 Pa. 1, at page 3, 28 A. 2d 786: "It is obvious that it would be absurd to set up a comprehensive civil service administration for the appointment, promotion and removal of police officers in any political subdivision having one or two, or perhaps no police officers. For this sole reason the legislature provided that the Act shall not apply to such municipalities. . . . If a given first class township has no police organization, or no organization justifying the system, the application of the Act is of necessity suspended. When such township acquires a sufficient organization to justify the system, the Act automatically becomes effective. . . . The principle that the legislature may validly regulate where the need is most acute and except or exempt individual situations in which the need is not great, is well settled: *Commonwealth v. Hospital,* 198 Pa. 270; *School District v. School District,* 40 Pa. Superior Ct. 311." And further (page 5): "A township having one or two or no police officers would be justified in objecting strenuously to the expense and inconvenience of maintaining a complete system of police civil service which would have no function to perform. . . . The exception is reasonable and necessary, and is based on considerations as plain as they are sound."

For these reasons we agree with the court below in its result that the police force of the appellee borough was not within the Act of 1941. The Act no longer applied to the police force as then established. Any other conclusion would impose upon this borough the expense of enforcing the regulations of the Police Civil Service Act in spite of the fact that it abolished one of its offices solely for economic reasons.

Decree affirmed; costs to be paid by appellants.