## McGuckin, Appellant, v. West Homestead Borough.

Argued September 27, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Henry Kauffman*, with him *Louis Little*, for appellant.

*J. H. Lembersky*, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 8, 1948:

This is a proceeding in mandamus for reinstatement of plaintiff, James F. McGuckin, as a member of the police force in the Borough of West Homestead, Allegheny County.

McGuckin was appointed a policeman of the borough sometime prior to January, 1935, at which latter time he was designated by the borough council as chief of police. He continued to hold that office for a period of approximately ten years. At a meeting of the council in Febru-

ary, 1945, it was, moved, seconded, and carried that the office of chief of police be abolished for reasons of economy and that plaintiff's employment be terminated. Since then plaintiff has been deprived of the right not only to act as chief of police but also to perform the duties of a policeman, and he has received no salary whatever from that date. It is not pretended that he was guilty of any neglect of duty or that there were any personal grounds for his dismissal, nor were charges of any kind made against him. On the other hand, plaintiff does not claim that in abolishing the office of chief of police the council of the borough were actuated by any political or improper motives, but only by a desire to reduce expenses.

To plaintiff's complaint defendant filed an answer, to which plaintiff demurred. The court below overruled the demurrer and dismissed the complaint. Plaintiff appeals.

It is too well settled to warrant further discussion that the borough council had the right, acting in good faith, to discontinue the office of chief of police: *Carey v. Altoona*, 339 Pa. 541, 16 A. 2d 1; *Simasek v. McAdoo Borough*, 352 Pa. 306, 42 A. 2d 600. Plaintiff has no further claim to that office or to the emoluments thereof. The only question in the case is whether the attempted termination of his employment *as a member of the police force* was a proper and valid action in view of the applicable provisions of the Civil Service Act of June 5, 1941, P. L. 84,* there being other members of the force who had been appointed subsequent to the date of his own appointment.

The Act of May 4, 1927, P. L. 519, section 1125, as amended by the Act of June 24, 1939, P. L. 689, provided that "Borough councils may appoint . . . one or more suitable persons . . . as borough policemen. . . . The

---

* That act is applicable because the police force of the borough consisted of more than 3 persons.

borough council may designate *one of said policemen* as chief of police. . . . The borough may by ordinance establish a police department consisting of chief, captain, lieutenant, sergeants, and any other classification desired by the council, and council may designate the individuals assigned to each office . . .". It is clear that if a policeman, under that act, becomes designated by the council as chief he still remains a police officer; he merely holds thereafter a higher rank or position on the force; if at any time, therefore, this higher rank or office should be abolished it would not operate to deprive him of his original status as a policeman, an appointment which he had gained by passing the tests required by the Civil Service Act of June 5, 1941, P. L. 84, and to the protection of which act he remained entitled.

Section 20 of the 1941 Act provides that "If for reasons of economy or other reasons it shall be deemed necessary by any municipality to reduce the number of paid employes of the police department, then such political subdivision shall apply the following procedure: (a) If there are any employes eligible for retirement . . . then such reduction in numbers shall be made by retirement . . .; (b) if the number of paid employes in the police force eligible to retirement is insufficient to effect the necessary reduction in numbers . . . then the reduction shall be effected by furloughing the man or men . . . last appointed to said police force. Such removal shall be accomplished by furloughing in numerical order, commencing with the man last appointed until such reduction shall have been accomplished". Therefore, while the borough council had the power, for reasons of economy, to reduce the number of the paid employes of the police department by abolishing the office of chief, it was bound to remove from the force the person last appointed thereto and not a person with rights of seniority merely because the latter was no longer to hold the position of chief.

In the *Altoona* case, supra, the office of chief of police was abolished but Carey, the chief, was retained on the force as a lieutenant. In the *McAdoo Borough* case, supra, the office of captain of police was abolished and Thomas, the captain, was separated from the force altogether, but he does not seem to haye raised any question as to his dismissal; indeed, he and another member of the force had been the last to be appointed and on the same day, so that he was not in a position to invoke any claim of seniority. Neither of these cases, therefore, serves as precedent or authority in the present controversy.

Because of the reasons stated we are of opinion that plaintiff is entitled to reinstatement as a policeman. Whether he is entitled to recover pay for the time during which he was not allowed to serve in that capacity cannot be determined on this record in the absence of evidence of facts upon which such right would depend.

The order directing judgment to be entered for defendant is reversed, and the record is remanded with a procedendo.