## Wainwright Estate.

Argued November 18, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Thomas Raeburn White,* with him *W. Wilson White* and *White, Williams & Scott,* for appellants.

*Clarence E. Hall,* with him *T. F. Dixon Wainwright,* and *Hall, Hamilton, Wainwright & Welsh,* for certain appellees.

*Ernest Scott,* with him *John Grier Bartol, Jr.,* and *Pepper, Bodine, Stokes & Hamilton,* for an appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 12, 1954:

This appeal involves the construction of a will. The question is whether the share of a child who died without issue passes under the intestate law or to the issue of his deceased brother.

Mary B. K. Wainwright, the testatrix, by her will, erected a trust of her residuary estate whereunder her two sons, Francis King Wainwright and Clement R. Wainwright, Jr. were each given a life estate. The remainders were disposed of as follows: ". . . And if either of my said sons should die in the lifetime of the other without leaving lawful issue then I direct that his share shall be held in trust . . . for my surviving son during his life; and after the death of my said surviving son I give devise and bequeath the whole of the said residuary estate . . . to his lawful issue absolutely share and share alike. In case both of my said

sons should die leaving lawful issue, then I give, devise and bequeath the share hereby given to each of my sons for life to their respective issue absolutely, the issue of each son taking the share of their father in this estate, and in case both of my said sons should die without leaving lawful issue, then I give, devise and bequeath the whole of my residuary estate . . . to the Hospital of the Protestant Episcopal Church in the City of Philadelphia . . ." Clement R. Wainwright, Jr., one of the sons, died in 1932 survived by six children to whom a one half share of the corpus was distributed. Francis King Wainwright died in 1952 without leaving issue. At the audit of the substituted trustee's account, the remaining one half share of corpus was awarded to the children of Clement R. Wainwright, Jr. The executors of the estate of Francis King Wainwright have appealed, contending an intestacy existed as to this share.

The basis for appellants' contention of the existence of an intestacy is that testatrix failed to provide for the contingency which actually occurred. It is urged that she contemplated and provided for a situation where *both* sons died with issue; where *both* died without issue, but failed to provide for a situation (which actually occurred) *where one son died with issue and the other died without issue.*

We are therefore confronted with this problem: in construing this will was the deficiency *supplied by the court* or under the words of the will was there a *gift by implication?*

Where a testator fails to make provision for a contingency which actually happens, courts do not have authority to insert a provision and supply the omission under the assumption that it was the intent of the testator. Our Chief Justice HORACE STERN aptly encompassed this situation in *Verner Estate,* 358 Pa. 280, 56

A. 2d 667, when he said (p. 282) : "Testatrix failed to make provision in her will for a contingency which happened, and, however great the temptation to supply the deficiency in accordance with what she presumably would have provided had the hiatus been called to her attention, a court, is without power thus to reform the instrument." In *Rouse Estate,* 369 Pa. 568, 87 A. 2d 281, we said (p. 573) : "We do not subscribe to the *conjecture* of the court in banc that 'the balance of express language as to the event which occurred was an oversight of the scrivener.' If there were an *omission,* such omission might not be remedied by judicial construction. In Grothe's Estate, supra, Justice MESTREZAT said, p. 192: '. . . if it was an oversight, the courts have no authority to insert a provision . . . under the assumption that it was the intention of the testator. It is only when the language of the will expressly or by clear implication discloses the intention of the testator that the courts may carry it out. It will not do for the courts to undertake to guess at the intention of a testator and declare that to be his will. If he sees fit for any reason not to dispose of any part of his estate, or such is the result of ignorance or oversight, the courts cannot supply the gap or hiatus and reconstruct the will. To do so would be a perversion of the functions of the court, and deprive a testator of the right to dispose of his property.' See : Morrison Will, 361 Pa. 419, 65 A. 2d 384, and cases therein cited."

Were the construction in the present case dependent solely upon what the auditing judge said in quoting a statement of the court in *Howell's Estate,* 41 D. & C. 332, we would have been obliged to reverse the decree. He said : *"I am therefore supplying the necessary phraseology to effectuate the intent to benefit her grandchildren, whether they were the children of one or both of her sons. . . ."* (Italics supplied) In *Howell's Estate,*

supra, the judge said: ". . . we are frankly supplying something which the testator omitted, . . ." It will be noted, however, in the present case, that the auditing judge *also* said: "I therefore find that there is an implied gift to the issue of Clement R. Wainwright, Jr., Francis King Wainwright having died without issue". Of course, if the court supplied an omission the gift would not have been *implied,* but it would have been an express gift. In the *Howell* case, supra, it is important to observe that the judge *also* said (p. 336): "There is another feature of this will which we think easily disposes of the matter. The final clause of the will gives the entire fund to collaterals if *both* Edgar and Lillian should die without issue. It is familiar law that a gift over in default of issue implies a gift to the issue if they exist. This gift is by implication only, but it is such a compelling inference that the courts have never hesitated to make it: Beilstein v. Beilstein, 194 Pa. 152; Bechtel v. Fetter, 267 Pa. 173; Lippincott's Estate, 276 Pa. 283; List's Estate, 283 Pa. 255; Scott's Estate, 301 Pa. 509; Clayton's Estate, 302 Pa. 468."

It is apparent that the court in banc in the present case regarded the gift as one by *implication* rather than one where the court supplied an omission when, in the opinion of the court in banc affirming the adjudication, it said:

"The instant case is a typical situation requiring the application of the doctrine of gift by implication: Cope's Estate, 352 Pa. 306; Rouse's Estate, 369 Pa. 568; see Crossman Estate, 24 D. R. 600. The facts are exactly analogous to those in Howell's Estate, 41 D. & C. 332.

'. . . there is a presumption testator intends to dispose of his whole estate. Such presumption, however, is met by an equally potent presumption that an heir is not to be disinherited except by plain words or necessary implication. The effect of the conflict of rules is

well stated by Judge HUNTER in his Pennsylvania Orphans' Court Commonplace Book, Vol. 2, Wills, sec. 4 (b), p. 1436, in the following language: "These presumptions are of like force and effect, and in applying one we must not overlook the other. Neither presumption, however, can be permitted to defeat the intention of the testator which is expressed in apt words or appears by clear implication." See Grothe's Estate, 229 Pa. 186, 78 A. 88; French's Estate, 292 Pa. 37, 140 A. 549; Loving Estate, 159 Pa. Superior Ct. 339, 48 A. 2d 39. This language does not reveal an express intent by testator to die intestate as to this portion of the trust corpus': Rouse's Estate, supra, at page 572."

The basic philosophy of the doctrine of *implied gifts,* as here involved, stems from the familiar situation where the gift is "to A for life and if A leaves no issue then to B". Should A leave issue, it is a well established canon of construction that there is an implied gift to such issue. This canon of construction is discussed and cases cited in *Rouse Estate,* 369 Pa. 568, 571, 87 A. 2d 281. There is respectable authority that, similarly, where there is a gift for life to two individuals and if they leave issue then to such issue, but if they leave no issue then to another, and one life tenant leaves issue and the other does not, the entire fund, as an *implied* gift, passes to the issue of the person so dying. In *Crossman's Estate,* 24 Dist. 600, two of Pennsylvania's most eminent orphans' court judges so ruled, viz.: Judges CLEMENT B. PENROSE and JOHN MARSHALL GEST. In that case testatrix directed that upon the death of her husband, a son and a grandson were to share the income for their lives and in case both her son and her grandson left issue the corpus should be divided between them and if neither left issue then the estate was passed to her heirs. One left issue and the other did not. It was held that a *gift by implication* passed to the issue

of the one so dying. Judge GEST, for the court in banc, said (p. 601) : "The testatrix failed to provide in *express terms* for the contingency that actually happened. . . . We agree with the auditing judge. Every will should be construed to avoid an intestacy if possible, and in this will the testatrix has indicated the precise event in which she intended her estate to pass to her 'heirs-at-law,' viz., in case neither Albert nor Walter should leave a child or children who lives to be twenty-one years old. That event did not take place, and, consequently, no intestacy can result by reason of any express direction therefor. On the other hand, the implication is so strong as to be inevitable, that the gift to the heirs-at-law, in case neither Albert nor Walter should leave child or children who live to be twenty-one years old, is equivalent to a gift to such child or children of either." (Italics supplied). Judge PENROSE, in his adjudication, (which may be found in the record in the orphans' court) confirming the above, said: "As the limitation to the heirs of the testatrix only takes effect in the event that neither the son nor the grandson leave issue . . . it is clear, . . . that the trust to protect such limitation is no longer operative; . . ."

In *Howell's Estate,* supra, the facts were analogous to the present case. Judge VAN DUSEN held that there was an *implied gift.*

Appellants, contending that the court below improperly supplied what it conceived to be an *omission,* relies chiefly upon *English's Estate,* 242 Pa. 545, 89 A. 680, and *Verner Estate,* 358 Pa. 280, 56 A. 2d 667. In both of these cases there was a patent omission which the court sought to supply. In *English's Estate,* supra, testatrix divided her estate into two parts, in trust, for her two grandchildren with a gift over "should either of my said named grandchildren die before reaching the age of thirty years and without leaving surviving issue".

One grandchild died at the age of fifty-seven leaving no issue. We held that since the contingency upon which the gift depended had not happened an intestacy resulted. We said (p. 547) : ". . . courts are [not] at liberty to interpolate provisions not contained in the will in order to avoid an intestacy, . . ."

In the *Verner Estate,* supra, the disposition was life estates to four nephews and upon the death of any one leaving "issue surviving" then to his "children and heirs at law". One died without leaving any children. Under these facts there was a clear omission which the court was without authority to supply.

We are of opinion, and so decide, that in the present case there is an *implied gift* to the issue of Clement R. Wainwright, Jr., Francis Wainwright having died without issue.

The decree of the court below is affirmed at the cost of the appellants.

Mr. Justice BELL dissents.