Collins Estate.

Argued May 27, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

520

 

*John J. Scott*, with him *Daniel Jenkins*, and *Jenkins and Ligi*, for appellants.

*Ralph P. Needle*, with him *Needle, Needle & Needle*, for appellee.

OPINION BY MR. JUSTICE BELL, June 30, 1958:

Under the provisions of this will, did two of the three (named) surviving children or did only the (named) surviving child of testatrix take a fee simple interest in premises 1729 Wayne Avenue?

The Orphans' Court sur a petition for a declaratory judgment decided that title in fee simple vested in testatrix' son John Collins after the death of his brother Joseph and his sister Florence.

Catherine Collins, the testatrix, died on December 19, 1943, at which time she owned premises 1729 Wayne Avenue, Scranton, Pa. She bequeathed $5 to her daughter Clare and $5 to her son Leo. She gave, bequeathed and devised all her residuary estate "to my sons John Collins and Joseph Collins, and my daughter Florence Transue, to share and share alike."

The paragraph which gives rise to the present suit is Item 2 of her will, which reads as follows:

"Item 2. I give, devise and bequeath to my sons John Collins and Joseph Collins, and my daughter Florence Transue, a parcel of land with all improvements, known as 1729 Wayne Avenue, in the City of Scranton and State aforesaid, during their life-time up-

on the following conditions, viz: That they have the power to dispose or sell said real estate at any time during their natural life, if so agreed by all of them, and also to sign a deed and acknowledge same. Should either of my sons John Collins or Joseph Collins or my daughter Florence Transue who are mentioned above die, then the surviving *one or ones is* or *are\** given, devised and bequeathed the said real estate forever. Should my daughter Florence Transue marry after my demise, she loses all her interest in the above-mentioned property.''

It will be instantly noted that the plural is mentioned twice in connection with this gift of real estate.

In Item 2 testatrix gave, and intended to give, a life estate in the Wayne Avenue property to her sons John and Joseph and her daughter Florence, but this life estate was subject to three conditions. Two of these are presently relevant. The first condition or proviso provided that the three devisees could sell the real estate at any time *if they all agreed* to sell it, and they could also sign and acknowledge a deed. We then come to the ambiguous sentence which causes the present controversy, namely, a devise of the remainder interest.

John, Joseph and Florence survived testatrix. Joseph died testate on January 18, 1953, and by his last will devised all of his property to his sister Florence. Florence died testate April 20, 1956 and by her last will devised all of her property to her son and his wife. John Collins still survives.

Did testatrix devise all of the remainder interest to the survivors of Joseph, namely Florence and John, or did she devise it, as the lower Court held, only to the last survivor, namely John?

---

* Italics throughout, ours.

" 'No rule regarding wills is more settled than the great General Rule that the testator's intent, if it is not unlawful, must prevail: . . . Moreover, "The testator's intention must be ascertained from the language and scheme of his will: 'it is not what the Court thinks he might or would have said in the existing circumstances, or even what the Court thinks he meant to say, but what is the meaning of his words': Britt Estate, 369 Pa. [450, 454, 87 A. 2d 243]'': Sowers Estate, 383 Pa. 566, 119 A. 2d 60.': Cannistra Estate, 384 Pa. 605, 607, 121 A. 2d 157": *Kelsey Estate,* 393 Pa. 513, 143 A. 2d 42.

Testatrix did not use the singular, on the contrary, we repeat, she twice used the plural in making this gift of the fee simple. Testatrix may have wished or intended to devise her Wayne Avenue property *only* to the survivor of her three named children but she did not say so. Every word and every clause in a will must, if reasonably possible, be given effect; we cannot ignore or delete or render nugatory testatrix's language except in the unusual case where the language of her entire will demonstrates that the language in question was inadvertently used and did not express testatrix's true intent. Cf. *O'Brien Estate,* 381 Pa. 322, 325, 112 A. 2d 178; *Siple v. Greumelli,* 357 Pa. 237, 241, 53 A. 2d 607; *Carmany Estate,* 357 Pa. 296, 299, 53 A. 2d 731; *Horn Estate,* 351 Pa. 131, 40 A. 2d 471; *Calder's Estate,* 343 Pa. 30, 21 A. 2d 907.

Testatrix said that if either John or Joseph or Florence should die "then the surviving *one or ones is or are* given . . . the said real estate forever." She did not say that if any two of her named children should die, the surviving one was given the real estate; she used, we repeat, the plural language above quoted. Testatrix not only said the surviving *one or ones* but added *is or are* given, so there appears to have been no inad-

vertent mistake in the language she used. The language used by testatrix was necessary to cover, inter alia, the situation where one or two of her named children predeceased her, or where all three survived her and two died in a common accident. In each of these contingencies or events the language of the testatrix would be particularly appropriate and clear.

We believe that testatrix provided, and by her language intended to provide, that if either of her sons Joseph or John or her daughter Florence died, then the life estates terminated and the surviving ones, namely Florence and John, took the real estate in fee simple.

Decree reversed. Each party to pay their respective costs.