## Weiser Estate

*Richard L. Placey,* for objector.
*Herbert A. Schaffner,* for respondent.

SWOPE, *P.J.*, August 4, 1980—This matter comes before us on objections to the proposed distribution of the estate of Ralph R. Weiser, Sr. (hereinafter referred to as testator). The objector, Ruth E. Bishop, stepdaughter of testator, seeks to insert into the will of testator certain words which she alleges were inadvertently omitted. In its answer, respondent, Hershey Trust Company, asks that the will be read exactly as it was written. A hearing was held on July 12, 1979.

The pertinent facts as adduced at the hearing are as follows:

Testator died on July 15, 1975. In his will as the same was duly probated, he created a trust for the benefit of his wife, Helen E. Weiser, during her lifetime. While testator had made provisions for distribution in the event his wife either predeceased him or remarried, no provision was made in the event she were to die after testator without having remarried. Helen E. Weiser died on January 18, 1979 without having remarried. Hershey Trust Company, as trustee, filed a first and final account and petition for distribution in which it suggested distribution of all of the assets of the trust by virtue of intestacy to testator's sole heir at law, Ralph R. Weiser, Jr., his son from a prior marriage. Ruth E. Bishop, stepdaughter of testator, who was to share in the distribution if Helen E. Weiser either predeceased testator or remarried, filed objections to the proposed distribution.

The will in part reads:

"If my wife predeceases me, or shall remarry, then I direct that my Executor or Trustee, as the case may be, shall divide the residue of my Estate or the remaining corpus and income of the Trust into two parts. One part shall be paid over absolutely to

my son, Ralph A. Weiser, Jr., or his issue, per stirpes. The other shall be paid over absolutely to my wife's daughter, Ruth E. Bishop, or her issue, per stirpes."

It is objector's contention that testator inadvertenly omitted the phrase "survives me, but dies without remarrying" after the words "predeceases me." Such an insertion would thus allow objector to share in the distribution. She further contends that all admissible evidence points to testator's intent to include her in the disposition. We must disagree.

In determining the disposition of an estate through a will, it is vital to consider the intention of the testator. It is well settled that the intent of the testator, if not unlawful, must prevail: Collins Estate, 393 Pa. 519, 522, 143 A. 2d 45, 47 (1958). But it is not what this court may think the testator meant to say or should have said. The intention of the testator must be found in the simple meaning of the words used in the will: Sowers Estate, 383 Pa. 566, 570, 119 A. 2d 60, 62 (1956). Consequently, courts have been most reluctant to supply allegedly omitted words to a will. This reluctance is even more pronounced where the will in question is as carefully and professionally drawn as the one before us: Elkins' Estate, 339 Pa. 193, 200, 12 A. 2d 83, 86 (1940); Davis's Estate, 346 Pa. 247, 252, 29 A. 2d 700, 702 (1943).

The will in question did not provide for the situation at bar. Thus, unless objector can prove beyond a reasonable doubt that the intent of testator is being thwarted by an inadvertent omission, the trust assets must pass through intestacy: McConnell's Estate, 266 Pa. 294, 297, 109 Atl. 846, 847 (1920).

Objector first contends that upon an analysis of the scheme of the entire will, there can be no question but that by denying objector a share in the distribution, testator's wishes are being thwarted. Further, if the assets of the trust fund are permitted to pass through intestacy, an "absurd result" will be brought about.

We are unconvinced that a distribution which goes entirely to testator's sole heir, his son, is an absurd result. There is no language to be found in the "four corners of the Will" which would indicate testator's intention to provide for objector in any other circumstances than those in which he specifically did. We may not supply terms to a will merely because an unprovided for contingency has occurred: Wainright Estate, 376 Pa. 161, 163, 101 A. 2d 724, 725 (1954); Benson Estate, 380 Pa. 213, 215, 110 A. 2d 412, 413 (1955). We find no "clear inference" from a reading of the entire will that any words were inadvertently omitted.

Nor are we persuaded by objector's reliance on the general presumption against intestacy. The law of Pennsylvania is that:

". . . [T]he presumption against an intestacy, even where there is no countervailing presumption, cannot be used to ignore or distort or alter testator's language in order to avoid an intestacy. It merely means that if the testator's language is reasonably susceptible of two constructions, one of which will produce and the other avoid an intestacy, the latter interpretation or construction will be adopted unless it defeats the testator's intention." Beisgen Estate, 387 Pa. 425, 436, 128 A. 2d 52, 57 (1956); Conlin Estate, 388 Pa. 483, 493, 131 A. 2d 117, 121 (1957). In the instant case, there is

no language in the will which could be interpreted to avoid an intestacy. We cannot add to testator's language, as objector would have us do, in order to avoid an intestacy.

Finally, objector contends that from all the admissible evidence, testator's intent was to include her in the distribution. The general rule is that without a latent ambiguity, parol or extrinsic evidence is inadmissible for the purpose of explaining or construing a will: Estate of Jacobson, 460 Pa. 118, 123, 331 A. 2d 447, 449 (1975). We find no ambiguity whatsoever in the words of testator. He appears to have failed, either intentionally or unintentionally, to provide in the will for the present contingency. However, his failure does not rise to the level of an ambiguity merely to avoid intestacy. Thus, our interpretation of the will must be restricted to the four corners of the document. By all admissible evidence, i.e., the will itself, the residue of the trust assets must pass to Ralph A. Weiser, Jr. through intestacy.

In short, testator has left no provision to cover the present situation. Thus, under the intestacy laws of the Commonwealth, the entire residue of the trust assets must pass to his son, Ralph A. Weiser, Jr. Objector has failed to show any contrary intent of testator which would necessitate the insertion of the langauge she requests. Therefore, the objections to the proposed distribution of the estate of Ralph R. Weiser, Sr. will be overruled and dismissed in the following

## NISI ORDER

And now, August 4, 1980, the prayer of the petition of Hershey Trust Company, trustee under the

will of Ralph R. Weiser, Sr., deceased, for distribution as per first and final account, is hereby sustained and the objections thereto filed by Ruth E. Bishop are hereby overruled and dismissed. The trustee is directed to distribute the entire remaining corpus and income of the trust to Ralph R. Weiser, Jr.

In the absence of exceptions filed hereto within 20 days from the date hereof, the nisi order shall become final as of course.