J. S93004/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| STACY CLARK, | : | |
| | : | |
| Appellant | : | No. 2550 EDA 2014 |
| | : | |

Appeal from the Judgment of Sentence August 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010491-2008

BEFORE: DUBOW, SOLANO, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 11, 2017**

Appellant, Stacy Clark, appeals from the Judgment of Sentence entered in the Philadelphia County Court of Common Pleas on August 5, 2014, following the revocation of his probation. After careful review, we conclude that Appellant's challenge to the discretionary aspects of his sentence fails to raise a substantial question and we, therefore, affirm.

We summarize the relevant factual and procedural history as follows. On March 16, 2010, the trial court found Appellant guilty of Possession with Intent to Deliver ("PWID"), and Intentional Possession of a Controlled

---

[*] Retired Senior Judge Assigned to the Superior Court.

Substance.[1]   The trial court sentenced Appellant to 22 to 44 months of incarceration followed by four years of probation.

On December 19, 2013, only 33 days after Appellant was released from a halfway house in the instant case, Philadelphia police observed Appellant and other individuals engaged in the sale of narcotics.   Police arrested Appellant and charged him with PWID.

Appellant pled guilty to the new PWID charge on June 4, 2014, pursuant to a negotiated plea agreement.   On August 5, 2014, the trial court sentenced Appellant to a negotiated term of 6 to 23 months of incarceration on the new PWID charge.

That same day, the trial court found Appellant in violation of his probation in the instant case, and sentenced him to three to six years of incarceration, followed by four years of probation.

Appellant filed a Notice of Appeal to this Court on September 4, 2014. After considerable delay, both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single allegation of error:

The trial court erred when, after finding [Appellant] in violation of probation and revoking probation, it re-sentenced [Appellant] to not less than three (3) years to not more than six (6) years [of] incarceration, to be followed by four (4) years [of] probation, as [Appellant] accepted responsibility for his direct

---

[1] 35 P.S. § 780-113(a)(30) and 35 P.S. § 780-113(a)(16), respectively.

> violation, which should have been considered a mitigating factor. This sentence was therefore manifestly excessive.

Appellant's Brief at 2.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant filed a timely Notice of Appeal, and included a separate Pa.R.A.P. 2119(f) Statement in his appellate brief. Although not raised by the Commonwealth or the trial court, it is unclear whether Appellant properly preserved this issue at sentencing or in a Post-Sentence Motion.[2] However, because we conclude that the fourth prong,

---

[2] After the trial court imposed sentence, Appellant's counsel briefly argued that the sentence was excessive and asked the court to reconsider. N.T., 8/5/14, at 23. In addition, on December 3, 2016, more than three months after Appellant filed his Notice of Appeal, the trial court entered an Order granting Appellant's Petition to File *Nunc Pro Tunc* Motion to Reconsider

requiring Appellant to raise a substantial question, is dispositive, we limit our analysis to that issue.

As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

Here, Appellant avers that the sentence imposed following the revocation of his probation was excessive and that the trial court failed to consider mitigating factors before re-sentencing him. He claims that the trial court did not adequately consider his academic achievements during a prior incarceration, his family support, and his willingness to plead guilty to the new PWID charges. Appellant's Brief at 9.

An argument that the sentencing court failed to consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257-58 (Pa. Super. 2004). *See also Commonwealth v. Griffin*, 804

---

Sentence. However, the Petition does not appear in either the lower court docket or the certified record, and it is unclear when Appellant filed it.

A.2d 1, 9 (Pa. Super. 2002) (citing **Commonwealth v. Williams**, 562 A.2d 1385, 1388 (Pa. Super. 1989) (*en banc*) (an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence)).

Moreover, we note that Appellant neither alleges that his 3 to 6 year sentence is outside the statutory maximum sentence, nor directs us to any specific provision of the Sentencing Code that the sentencing court ostensibly violated. Appellant's bald assertion that his sentence is excessive does not raise a substantial question. **See Commonwealth v. Trippett**, 932 A.2d 188, 201-03 (Pa. Super. 2007) (bald allegations of excessiveness insufficient to permit discretionary review).

Because we conclude that Appellant has failed to raise a substantial question as to the appropriateness of his sentence, we will not address the merits of Appellant's sentencing claim.

Judgment of Sentence affirmed.

Judge Solano joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2017