## Saunders Estate.

Argued April 24, 1958. Before BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Joseph N. Bongiovanni, Jr.,* guardian and trustee ad litem, appellant, in propria persona.

*LeRoy E. Perper,* with him *Richard W. Hopkins,* and *White, Williams & Scott,* for appellee.

OPINION BY MR. JUSTICE BELL, June 30, 1958:

Emily M. Saunders, testatrix, died on March 22, 1951, leaving a last will dated April 30, 1935. She left her residuary estate in trust for certain persons and purposes. Item Tenth of the Will provides: "TENTH: My Executor and Trustee shall have power to retain as part of my estate any investments I may have made, whether legal or not, it being my desire that the same shall not be needlessly sacrificed; and I *direct* that my Executor and Trustee *shall* have power to invest and reinvest in Government Bonds *only*\* or Bonds guaranteed by the Government."

The trustee filed a partial account for the period April 23, 1953 to March 27, 1957. This account showed an investment on March 27, 1957 in ten shares of the 5% cumulative preferred stock of General Motors Corporation and a sale of said stock on the same day, with a resultant loss of $26.63. The guardian and trustee ad litem demanded that the trustee be surcharged for this loss because the investment was unauthorized by the Will. The Auditing Judge imposed a surcharge.

\* Italics, ours.

The exceptions filed by the trustee were sustained by three judges, with two judges dissenting, and the Court instructed the guardian and trustee ad litem to appeal from this decision to this Court. The guardian and trustee ad litem thereupon took this appeal from the lower Court's final decree.

Section 18 of the Fiduciaries Investment Act of 1949, P. L. 1828, 20 PS §821.18 provides: "The testator or settlor in the instrument establishing a trust may prescribe the powers, duties and liabilities of the fiduciary regarding the investment or noninvestment of principal and income and the acquisition, by purchase or otherwise, retention, and disposition, by sale or otherwise, of any property which, at any time or by reason of any circumstances, shall come into his control; and whenever any such provision shall conflict with this act, such provision shall control notwithstanding this act. In the absence, however, of an express restriction to the contrary in the trust instrument, the fiduciary may invest in any investment authorized by this act."

The testator's intention is the pole star in the construction of every will and that intention must be ascertained from the language and scheme of his will; it is not what the Court thinks he might or would or should have said in the existing circumstances, or even what the Court thinks he meant to say, but what is the meaning of his words. *Kelsey Estate,* 393 Pa. 513, 143 A. 2d 42; *Britt Estate,* 369 Pa. 450, 87 A. 2d 243; *Sowers Estate,* 383 Pa. 566, 119 A. 2d 60; *Cannistra Estate,* 384 Pa. 605, 121 A. 2d 157.

Testatrix gave her executor and trustee power to retain as part of her estate any investments which she had made, whether they were legal or not. She then, in the clearest language, limited and restricted the fiduciary's power to invest and reinvest *only* in Govern-

ment bonds or any bonds guaranteed by the Government. This language is clear, unambiguous, unequivocal, imperative and mandatory, and without any doubt limited and restricted her fiduciary's power of investment and reinvestment to Government bonds or bonds guaranteed by the Government and thus prohibited the fiduciary from any other kind of investment. Where a testatrix uses clear, unambiguous and mandatory language, it is not necessary for her to spell out the limitation or restriction of investment powers in the identical language used in a subsequent act of the Legislature.

For the reasons which are set forth at length in *Kelsey Estate,* supra, the decree is reversed.

Decree reversed. Costs shall be paid equally out of income and principal.