## Earle Estate

644

[black redaction bars]

*Saul, Ewing, Remick & Saul,* for accountants.

*H. Eugene Heine,* p. p., guardian of minor re-mainidermen.

BOLGER, J., April 7, 1959.—Decedent died June 18, 1907. By his will dated June ——, 1905, testator gave his residuary estate in trust to pay certain annuities (all of the annuitants are now deceased) and to pay income to certain of his designated children and grandchildren, and upon the death of one of the said grandchildren, viz., George Earle Cook, one-fifth of the principal is to be conveyed as the said George Earle Cook shall appoint by will and in default of the exercise of this power of appointment, the one-fifth of principal is to be paid to those persons entitled to inherit and take from the said George Earle Cook in accordance with the intestate laws. George Earle Cook is living and the names of his children and their issue are set forth in the statement of proposed distribution and need not be repeated.

The account, which is a partial accounting, has been filed to permit the court to determine whether a loss realized upon the investment and sale of five units of the legal common trust fund resulting in a loss of $7.45 should result in a surcharge for the reason that the accountants were without authority to make such an investment.

By decree dated December 11, 1958, H. Eugene Heine, Esq., was appointed guardian to represent minor remaindermen whose names are set forth in the

decree and petition, and trustee ad litem for all persons unborn or unascertained having a possible interest in remainder. His report is annexed. In it he recites paragraph eighth as follows:

"My Executors and Trustees are authorized and empowered to invest and keep invested the Trust Funds of my estate in well secured ground rents or first mortgages upon improved real estate in the city of Philadelphia. They may also invest in bonds or in Certificates of Loan of the United States, or of the States of Pennsylvania, New York, Vermont, Massachusetts, Rhode Island and Connecticut or of the cities of Philadelphia, Boston or New York."

It is stipulated that the investment in the legal common trust fund, which consists of common stocks and other securities, is an authorized investment for fiduciaries in accordance with the Fiduciaries Investment Act of May 26, 1949, P. L. 1828, as amended. The report then cites section 18 of the Fiduciaries Investment Act which provides that a testator may prescribe the powers, duties and liabilities of the fiduciary concerning investments and states specifically: "In the absence, however, of an express restriction to the contrary in the trust instrument, the fiduciary may invest in any investment authorized by this act."

The report then reviews several decisions of this court, viz., Close Estate, 83 D. & C. 136; Frazier Trust, 3 Fiduc. Rep. 399; Neafie's Estate, 5 Fiduc. Rep. 291, in all of which there was authorization or direction to the fiduciaries to invest in certain designated securities. The court uniformly permitted the accountants to invest in legal investments other than those specified in each case.

The report notes the recent decisions of the Pennsylvania Supreme Court, viz., Kelsey Estate, 393 Pa. 513; Jeffries Estate, 393 Pa. 523, and Saunders' Estate, 393 Pa. 527, in which cases this court was re-

versed for permitting fiduciaries to invest in legal investments in the face of direct prohibition against making investments "in stocks" (Kelsey Estate) ; "to purchase shares of stock" (Jeffries Estate) ; ". . . shall have power to invest and reinvest in Government Bonds *only*": Saunders' Estate.

The report then argues that since the present testator specified certain investments in which he authorized and empowered the trustee to invest, he thereby expressed his intention to exclude from the authority given, other types of legal investments. "Inclusio unius est exclusio alterios".

The accountants have filed a brief in which they point out that in many items of his will testator made imperative directions by using words such as "I order and direct—I direct and provide—I give and grant full power and authority." In contrast to such imperative language in paragraph eighth, the words used are: "My Executors and Trustees are authorized and empowered to invest in well secured ground rents or first mortgages" and in the next sentence "They may also invest . . ." in the specified securities. It is, therefore, contended that since the paragraph in question is not mandatory in describing the enumerated securities and since there is no prohibiton or interdiction of securities which are legal investments for fiduciaries, the investment in the units of legal common trust fund was proper. The language and reasoning of Rouse Estate, 1 Fiduc. Rep. 514, and Close Estate, supra, are stated to be apposite to the language contained in this will.

Judge Hunter in Close Estate, supra, indicated that the authorization to invest in certain designated securities represented the expression of a preference for the securities, but not an exclusion of other so-called legal investments.

I concur and will follow the law of this court as enunciated in Rouse and Close Estates and refuse to grant the surcharge.

The guardian and trustee ad litem has stated that counsel for the accountants has agreed that he shall receive $500 for his services, the same to be charged against the principal of the trust.

And now, April 7, 1959, the account is confirmed nisi.