## Henderson Estate

*Smillie, Bean, Davis & Tredinnick,* and *Saul, Ewing, Remick & Saul,* for accountant.

*H. Ober Hess,* guardian ad litem and trustee ad litem, p.p.

TAXIS, P. J., October 1, 1959.—The brief account of The First Pennsylvania Banking and Trust Company, surviving trustee, was examined and audited by the court on September 14, 1959 . . .

The present partial account was filed in order to determine the investment powers of the trustee. On June 3, 1959 the trustee purchased and then immediately sold five shares of General Motors Corporation, sustaining a loss in the transaction of $14.84. The issue presented is whether the trustee exceeded its investment powers by investing in this security and should accordingly be surcharged for the loss.

By decree entered July 15, 1959, H. Ober Hess, Esq., was appointed guardian ad litem for James Henderson Bell, Jr., Sandra A. Bell, D. Webster Bell, 2nd, Horace Finch Smith Bell and Margaret Webster Bell Gilpin, the minor remaindermen, and trustee ad litem for all persons now unborn or unascertained possibly interested in the remainder of the trust.

Testator died on February 3, 1926, and by his last will and codicil placed his residuary estate in trust to pay the income to his wife and daughter respectively for life with remainder over to other members of his family. With regard to the investment powers testator in item sixth of his will conferred upon the trustee:

". . . power, during the activity of the trust, to exercise any or all the powers following:

"1. To make investments and re-investments in first class mortgages, railroad bonds or any other corporation bonds secured by first mortgage, whether of a public or private character; United States, State or Municipal bonds; provided that no single investment exceeds the sum of Twenty-five thousand Dollars ($25,000). I direct that all coupon bonds shall be registered in the name of the Trustees."

The question presented is whether the trustee is limited to the above list enumerated by testator or whether he may also invest in other securities which qualify as legal investments under the provisions of the Fiduciaries Investment Act of May 26, 1949, P. L. 1828, sec. 18, 20 PS §821.18, which provides:

"The testator or settlor in the instrument establishing a trust may prescribe the powers, duties and liabilities of the fiduciary regarding the investment or non-investment of principal and income and the acquisition, by purchase or otherwise, retention, and disposition, by sale or otherwise, of any property which, at any time or by reason of any circumstance, shall come into his control; and whenever any such provision shall conflict with this act, such provision shall control notwithstanding this act. *In the absence, however, of an express restriction to the contrary in the trust instrument, the fiduciary may invest in any investment authorized by this act."* (Italics supplied.)

The basic problem is simply whether decedent made "an express restriction to the contrary," when he gave his fiduciaries the above power to make certain investments. However, as a preliminary matter, the guardian ad litem has explored any possible constitutional objections to applying the Fiduciaries Investment Act of 1949 to the will of this decedent who died on February 3, 1926, prior to the enactment thereof.

This question was specifically raised by Justice Bell in Kelsey Estate, 393 Pa. 513, 517, wherein he stated:

"We shall assume, without deciding, that the Legislature could enact that a testator's or settlor's powers of investment may be validly and constitutionally restricted or changed or abolished, with respect to wills and trusts theretofore existing, and shall decide this case on the broad issue upon which it was considered by the lower court and presented in this Court."

After a review of the cases the guardian and trustee ad litem has concluded that the law at the time of the death of this testator recognized that permissive power to invest in certain securities did not preclude investment in other securities which were otherwise proper. The Fiduciaries Investment Act of 1949 has merely restated this principle. In addition the guardian and trustee ad litem found no constitutional bar to the legislature's action, subsequent to testator's death, in broadening the legal list. With this conclusion I agree. Accordingly, the constitutional question will not be pursued further; no constitutional infirmity appears affecting the above provision of the Fiduciaries Investment Act of 1949.

The principal issue before the court involves a question of interpretation, namely, whether testator has by the investment clause quoted above placed an "express restriction" on the trustee from investing in securities which would otherwise be legal under the terms of section 18 of the Fiduciaries Investment Act of 1949.

The Supreme Court recently considered this question in Kelsey Estate, 393 Pa. 513; Jeffries Estate, 393 Pa. 523, and Saunders Estate, 393 Pa. 527. Of these three cases the language of the investment clause appearing in Saunders Estate is more similar to that of the investment clause under consideration. It reads:

"My Executor and Trustee shall have power to retain as part of my estate any investments I may have

made, whether legal or not, it being my desire that the same shall not be needlessly sacrificed; and I direct that my executor and trustee *shall* have power to invest and reinvest in Government bonds *only* or bonds guaranteed by the Government." (Italics supplied.)

The court concluded that this language was clear, unambiguous, unequivocal, imperative and mandatory, and without any doubt limited and restricted the fiduciary's power of investment to those securities enumerated.

Prior to the above appellate cases numerous lower court decisions reviewed other trust investment clauses. The guardian ad litem has carefully analyzed the varying shades of language appearing in these clauses and has classified them into two basic categories, the prohibition cases and the enumeration cases. The language of Kelsey Estate, the trustee's power "shall not in any event include the right to invest in stocks," Jeffries Estate, the trustee "shall have no power to purchase shares of stock," and Saunders Estate, alluded to above, bring them within the prohibition category. The cases falling within the enumeration category are all lower court decisions and have been further subdivided by the guardian ad litem as follows:

1. The "invest" cases. Frazier Trust, 3 Fiduc. Rep. 399, is representative of this group. Here testator gave the executor authority to ". . . invest and re-invest the same in bonds of the United States of America or of the Commonwealth of Pennsylvania, or in bonds of any city, county, or township therein . . ." See also Brown Trust, 3 Fiduc. Rep. 262.

2. The "shall invest cases." Close Estate, 83 D. & C. 136, provides an example of this group wherein the will states that the trustees "shall invest and re-invest the funds which may at any time come into their hands

in well secured first Mortgages secured on real estate in the City of Philadelphia or in well secured Ground Rents issuing out of Real Estate in said City or in Two story brick houses clear of incumbrance in good localities in said City or in Bonds of the United States, State of Pennsylvania or the City of Philadelphia."

3. The "direction cases." See Neafie Estate, 5 Fiduc. Rep. 291, wherein the will at one place "directs" and at another "orders and directs" the trustees to invest" in the bonds and loans of the United States of America, the State of Pennsylvania, the City of Philadelphia, or in bonds and first mortgages covering improved, unencumbered real estate situate in the City of Philadelphia."

4. The "limitation" cases. See Smith Trust, 2 Fiduc. Rep. 393, as representative of this group where the trust instrument authorized nonlegal investments ". . . except that the Trustees shall confine their investments and reinvestments to bonds or equivalent classes of securities . . ."

In all cases falling within the enumeration category, with the exception of Drexel Trust, 1 Fiduc. Rep. 530, the lower courts concluded that the various settlors did not intend to prohibit investments in approved legal securities. See Fiduciary Review, January 1958, and August 1958, for a comprehensive analysis of all cases in this category.

It is evident that the language of the investment clause under consideration falls into this enumeration category. The problem is whether the Supreme Court's ruling in Saunders Estate reverses the lower court's decision in these enumeration cases. The guardian and trustee ad litem has concluded that the appellate decisions have not overruled the enumeration cases and with this conclusion I am in complete agreement. In Kelsey Estate, at page 518, the Supreme Court emphasized one of the fundamentals of trust gifts,

namely that testator may " ' "condition his bounty as suits himself, so long as he violates no law in so doing. When a trust of this kind has been created, the law holds that the donor has an individual right of property in the execution of the trust; and to deprive him of it would be a fraud on his generosity." . . . Borsch Est., 362 Pa. 581, 587, 588.' "

The holding of the enumeration cases permitting a trustee to invest in legals does not countermand any conditions imposed by testator on his gift. Testator has simply enumerated certain permissible areas of investment which broaden or supplement his legal investment powers. When testator, as in Saunders Estate, wishes to limit investments to those enumerated, he so stated, simply and explicitly, by adding the word "only." His intention, when thus expressed, was honored by the court. Where, however, as in the instant case, no such prohibitory intention is expressed, it would be as violative of a condition of testator's bounty to read into this language a restriction that does not exist as it was to delete and ignore the clear and express prohibition appearing in Saunders Estate. A similar conclusion was reached by the court in Earle Estate, 16 D. & C. 2d 643, the only lower court case on the subject since the Kelsey, Jeffries and Saunders decisions.

Clearly, returning to the interpretation of the statute, the language of this investment clause is not "an express restriction to the contrary in the trust instrument," which would prohibit investment in securities other than those enumerated. Accordingly, the fiduciary is permitted to invest in any investment authorized by the Fiduciaries Investment Act of 1949. The purchase of five shares of General Motors common was therefore proper and no surcharge will be imposed.

And now, October 1, 1959, this adjudication is confirmed nisi.