## Foulke Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Samuel W. Morris* and *Henry C. Beerits*, for exceptant.

*Harry Polish*, guardian and trustee ad litem, contra.

SAYLOR, J., October 30, 1959. — The issue here involved is the surcharge of a trustee for loss resulting from investing trust assets in the common stock of Philadelphia Electric Company. The trust was created under a will by which testator left his residuary estate to the trustee " 'In Trust' that said Company will hold and invest the same, in good Real Estate security and pay the net income or interest thereof . . .".

The will dated January 1890, and the seven codicils of which the last is dated October 1922, were probated following testator's death in 1925. Under the Constitution and statutes then in effect common stocks were not legal investments. Only real estate security and Government bonds were.

Under the provisions of the Fiduciaries Investment Act of May 26, 1949, P. L. 1828, 20 PS §821.1 et seq., as amended, Philadelphia Electric Company common stock is a legal investment. The trustee has filed exceptions to the decision of the learned auditing judge, claiming that under the act there is in testator's will no "express restriction" upon such investment.

The guardian ad litem argued that under the language of the will the trustee can invest in real estate security and in nothing else. That was testator's preferred investment as in creating by codicil a cemetery trust, he repeated the phrase "invest the same in good real estate security". He also authorized his trustee to retain real estate owned by him at death.

The question thus presents itself: Do testator's words above-quoted amount to only a suggestion to his trustee or do they constitute a mandatory direction to it to invest in real estate security only?

The word "only" is important. In Saunders Estate, 393 Pa. 527 (1958), the Supreme Court held that testa-

trix' language was "clear, unambiguous, unequivocal, imperative and mandatory" and that "without any doubt [it] limited and restricted her fiduciary's power of investment and reinvestment to Government bonds or bonds guaranteed by the Government and thus prohibited the fiduciary from any other kind of investment."

In that case testatrix provided as follows, page 528:

" '. . . I *direct* that my Executor and Trustee *shall* have power to invest and reinvest in Government Bonds *only* or Bonds guaranteed by the Government.' " (Italics supplied.)

The use by testatrix of the italicized words constituted in the opinion of the court an express intention to limit her trustee's power to invest. In the present case testator did not use the word "direct" nor the word "only". His use of the word "will" may be considered as indicative of an order to his trustee but it may equally well be considered merely the employment of the future tense, investment being made of course only after the testament became operative, just as in the use of the word "will" in the phrase "will hold".

Section 18 of the Fiduciaries Investment Act of May 26, 1949, P. L. 1828, as amended, 20 PS §821.18, provides that a testator or settlor may prescribe limitations on investment notwithstanding the act. In the absence of "an express restriction to the contrary in the trust instrument" the act permits the trustee to invest in any investment authorized by the act.

We are of opinion that the language of testator in the will before us does not constitute an express restriction. By it testator suggests; he does not direct investment in real estate security alone.

That from 1890, when the will was written, until 1925, when it came into effect, common stocks were not legal investments does not alter our conclusion. It is properly argued that it was not necessary for testa-

tor to prohibit investment in common stocks. However, he could have prohibited investment in Government bonds, which were then, as now, legal investments. He prohibited nothing. His language, in our opinion, can not be fairly interpreted as doing more than stating a preference for real estate security. In such language there is absent a restriction that is express; nor is a restriction implied. Testator, a lawyer, is presumed to have known that Government bonds were legal investments when he wrote his will. Surely he would have employed specific language to prohibit such investment had he desired such a result.

A testator's enumeration of investments is not an "express restriction" upon a trustee's power to invest in legal investments: Close Estate, 83 D. & C. 136 (1953); Brown Trust, 40 Del. Co. 206 (1952); Frazier Estate, 3 Fiduc. Rep. 399 (1953); Smith Trust, 3 Fiduc. Rep. 401 (1953); Neafie Estate, 5 Fiduc. Rep. 291 (1955), and Middleton Trust (No. 2), 8 D. & C. 2d 133, 5 Bucks 184 (1955). To reach a different conclusion in the case before us would be to give to Saunders Estate, supra, an interpretation we do not believe the higher court intended.

Obviously the decisions in Jeffries Estate, 393 Pa. 523 (1958), and Kelsey Estate, 393 Pa. 513 (1958), do not support a different conclusion. In those cases the trust creator (testator or settlor), by clear language forbade a particular type of investment. In the former case testator said his trustees should not be confined to what are known as legal securities, but added "they shall have no power to purchase shares of stock." In the latter case settlor said "the power of investment of said Trustee *shall not in any event* include the right to invest in stocks."

There is no such or similar language before us now.

For these reasons, with the concurrence of the auditing judge, we unanimously sustain the exceptions of the trustee.