## Cheston Estate

*M. Paul Smith, Smith, Cahall & Aker, Peter M. Mattoon,* and *Ballard, Spahr, Andrews & Ingersoll,* for accountants.

*Raymond Pearlstine,* p.p., guardian ad litem.

TAXIS, P. J., December 13, 1961.— . . . In Item Sixth of the will, testator gives the residue of his estate in trust for his wife for life, with the remainder to be held in equal shares for his five children. The income from the shares of his three daughters is to be paid to them for life, then the principal is to be paid to their children. The principal shares of his two sons are to be paid to them as each son becomes 30 years of age. Item Eight is a spendthrift clause.

The residue of the estate amounts to $11,852.18, which is subject to any additional federal estate tax which may be due as well as any additional expenses of administration. Assuming a yield of 4 percent, the annual income from the corpus would be $474.09. This assumes the corpus will not be further depleted and disregards the costs of administering the trust. The gross annual income from a 1/5 share would be $94.81 at 4 percent.

Decedent's five children are all adult and legally competent. The petition for adjudication requests that

the residuary trust be terminated and that the accountants be authorized to pay a one-fifth share outright to each child. Decedent's widow and life tenant of the trust joins in the petition.

The accountants suggest that the original purpose of testator cannot be carried out and that the court should terminate the trust in accordance with section 2 of the Estates Act of 1947.

The following cases have been cited to the court as authority for the proposition that an insignificant corpus is a proper basis for termination of a trust: Falkner's Trust, 3 Fiduc. Rep. 495; Auchu's Estate, 38 D. & C. 33; Honeywell Estate, 70 D. & C. 472; Holmes Estate, 66 D. & C. 612; Montana Estate, 81 D. & C. 99; Timmins Estate, 11 D. & C. 2d 792.

Item Sixth of the will creates contingent remainders in the children of decedent's sons and vested remainders in the children of decedent's daughters. The following cases have been cited as authority for the proposition that such remainder interests are no bar to termination of a trust under section 2 of the Estates Act of April 24, 1947, P. L. 100; Exley's Estate, 67 D. & C. 508, and Falkner's Trust, 3 Fiduc. Rep. 495.

The court is satisfied that the original purpose of testator is "impractical of fulfillment." However, the court is also convinced that the recommendation of the guardian ad litem in the last paragraph of his report more nearly approximates the intention of the testator. Testator provided, in Item Fourth, that four of his five children should receive an outright pecuniary bequest of $25,000. The fifth child was given a life interest in $25,000 in trust. The guardian ad litem argues that the will indicates a desire on the part of decedent that no funds should be paid outright to his daughter, Eugenia, the beneficiary of the $25,000 trust. The guardian ad litem suggests that Eugenia's

share of the residue be added to the $25,000 bequest held in trust with the provision that, upon the death of Eugenia, the share of the residue held in trust for her benefit should be distributed to her children. This recommendation is adopted.

Therefore, the residue of the estate shall be divided into five equal shares. The share of Eugenia Cheston Sullivan shall be added to the trust for her benefit created by Item Fourth of the will with the provision that, upon the death of Eugenia, the share of the residue held in trust for her benefit shall be distributed to her children. The other four shares shall be paid and distributed to the other four children of testator. . . .

And now, December 13, 1961, this adjudication is confirmed nisi.