## Mannion Estate

*Richard J. Jordan,* for petitioner.

*Patrick T. Walsh,* for trustee ad litem.

SIROTNAK, P. J., June 29, 1966.—Theresa Mannion died testate on September 29, 1942. By her last will and testament, she devised certain premises located at 307 New Street, Scranton, Pa., consisting of a house and lot, as follows:

". . . to my daughter, Mary Angela Quinnan, for and during the term of her natural life. Remainder to her son, Edward Quinnan, and any other child or children which my said daughter, Mary Angela Quinnan, may have, his or their heirs and assigns forever".

A second child, Theresa Quinnan, was born to Mary Angela Quinnan on July 7, 1943. No other children were born to the life beneficiary of decedent.

By decree dated September 9, 1950, this court appointed Angela G. Blewitt trustee for the purpose of selling the premises, which sale became necessary because of existing circumstances, and the net proceeds of $4,055.74 realized from said sale were held in trust under the terms of the will of decedent.

The life interest of Mary Angela Quinnan, daughter of decedent, was commuted, capitalized and valued at $2,142.92, and by court decree dated January 31, 1951, paid to her on February 23, 1951. The balance of said trust fund, amounting to $1,912.82, was ordered to be held in trust for the remainder beneficiaries under the terms of the will.

By petition of Angela G. Blewitt, trustee, with account attached reflecting a balance of $2,109.91 in the trust estate, filed on May 13, 1966, request is made for the termination of the trust for the following reasons:

(a) That the original purpose of the trust has failed.

(b) The impossibility of the life beneficiary to bear any more children.

The life beneficiary, who is now 62 years of age, and the living remaindermen, Edward Quinnan, son of the life beneficiary, aged 30, and Mary Angela Quinnan, daughter of the life beneficiary, aged 23, have joined in said petition for termination of the trust, and Patrick T. Walsh, Esq., was appointed by the court as trustee ad litem for unascertained or unborn children provided for in said testamentary disposition.

The problem confronting the court is whether or not there can be a termination of the trust in the absence of the joinder of the creator, who is now deceased, as well as the absence of the joinder of contingent unborn remaindermen.

To substantiate the allegation that the original purpose of the trust has failed and it should be terminated, evidence was submitted which disclosed the following facts: That shortly after the death of testatrix, the life beneficiary, her husband and family moved to Arlington, Virginia, which was necessitated by the employment of the husband; that the premises devised were sold, as indicated above; that the original purpose of the devise was to provide a home for the daughter of testatrix and her family; that, since the property was sold, the real estate was converted to personalty; that the balance held in trust, after the commutation and payment of the life beneficiary's interest, upon investment, yielded a net income of $33 per year; and that this amount was realized after payment of bond costs and bank charges, with no allowance for costs of administering the trust by the trustee.

To perpetuate a trust as created in the instant case beyond the present time or until the demise of the life beneficiary would be compounding an act of utter futility and uselessness. The facts of this case clearly il-

lustrate a prime example to which the doctrine of failure of purpose applies: Estates Act of April 24, 1947, P. L. 100, sec. 2, as amended. And see 6 Hunter O. C. (2d ed.) §13(c), p. 73.

To buttress further the request for termination of this trust, evidence was also submitted by the life beneficiary and her medical examiner that there was "emphatically" no likelihood of any more children being born to the life beneficiary. The medical examiner, a specialist of 32 years' practice, had never experienced a birth to a woman in the age category of the life beneficiary, who indicated that she had passed the normal menopause period 11 years ago. While there is some reluctance by some courts to terminate a trust upon the basis of medical testimony because of a remote possibility of issue of a female person, yet termination of a trust was approved in the absence of any medical testimony or statistical proof under certain circumstances. See Bowen Estate, 5 Fiduc. Rep. 355.

However, in the instant case the court is convinced that the continuation of this trust will serve no useful purpose, and to deny the enjoyment by the living vested remaindermen of the trust res would be inequitable and without sound legal reason. Nevertheless, in order to assure a measure of protection to the possibility of other issue of the life tenant, even though remote, and considering the small amount that would enure to such issue, we will order the posting of a refunding bond.

Hence, we make the following order:

## Decree Nisi

Now, to wit, June 29, 1966, the account of the trustee is confirmed, the trust in the above estate is hereby terminated, and said Angela G. Blewitt, trustee, is hereby directed to make distribution of the balance of the trust res to Edward Quinnan and Theresa Quinnan, vested remaindermen, in equal shares, upon their

posting a refunding bond in the amount of $1,000 for the protection of any other issue who may be born to Mary Angela Quinnan, life tenant.

This decree is to become final unless exceptions are filed thereto within 10 days hereof.