Day Estate.

Argued November 16, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John Milton Ranck,* with him *Charles Foltz Herr, Appel, Herr & Appel,* and *Ruppin, Ranck, Troback and Ranck,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1974:

Marjorie C. Day, the last surviving child of George E. and Ella R. Day, petitioned the Orphans' Court Division of the Court of Common Pleas of Lancaster County for termination of a trust created by her father's will. Marjorie alleged the purpose for which the trust, which now has corpus of only $8,783.52, was established has become impractical. The orphans' court refused to terminate the trust and Marjorie appealed.[1] We vacate and remand.

In his will, executed January 31, 1930, George E. Day provided that the residue of his estate be held in

---

[1] This Court has jurisdiction by virtue of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp. 1973), and 20 Pa. S. § 792 (Special Pamphlet, 1972).

trust by his daughter Marion and the Lancaster Trust Company. He directed that the income from the fund be used to "provide for the comfortable maintenance and support" of Marjorie.[2]   George E. Day died July 9, 1930.

In 1926 Marjorie contracted encephalitis lethargicia (sleeping sickness). When her father executed his will she was still suffering from the disease. At that time sleeping sickness was considered incurable, and testator apparently believed that Marjorie would never recover.

In 1943 Marjorie suddenly and completely recovered; she suffered no residual brain damage. After her recovery appellant became a college professor and is now retired. During this time she has managed her own affairs. Testator's wife Ella died in 1959. Testator's only other child, Marion L. Day, died ten years later without issue.

Appellant's petition for termination of the trust requested the orphans' court to award her both the income and the corpus of the trust free of any restrictions.[3]   The court concluded that although Marjorie was the sole income beneficiary, one half the corpus was the subject of a remainder in the intestate heirs of Ella.[4]

---

[2] Any additional income was to be paid to testator's wife Ella during her natural life. Following Ella's death the additional income was to become the absolute property of testator's only daughter, Marion.

[3] Appellant expressly waived any other rights accruing under her father's will.

[4] The will of George E. Day provided that when Marjorie and Ella died, the corpus of the trust should go to Marion, or if she be deceased, to her children. If Marion should die without issue before Marjorie, the will continued, the corpus should pass under the will of Ella.

One-half of Ella's estate was directed by her will to pass directly to Marion. Marion never married and died intestate. It thus appears that should the trust be terminated, Marjorie, as Marion's

The opinion of the orphans' court indicates that the court considered only the applicability of the common-law doctrine of termination by consent of the parties. See Restatement (Second) of Trusts § 337 (1959); *Musser's Estate*, 341 Pa. 1, 17 A.2d 411 (1941). Because the orphans' court believed that, before it could terminate the trust, the consent of all parties in interest was required, it refused termination. The court reasoned that the requisite consent of all interested parties could not be obtained because potential remaindermen could not be ascertained until the class closed at Marjorie's death.[5] We conclude that the orphans' court erred in deciding that it could not terminate without the consent of the unascertained parties in interest.

In Pennsylvania the Legislature has considered the effect of unascertained heirs on trust termination. Section 6102(a) of the Probate, Estates and Fiduciaries Code,[6] provides that a court having jurisdiction of a

intestate heir, would be the beneficiary of this portion of the corpus.

The other half of Ella's estate was subject to alternative devises which events have made irrelevant. In default of these alternatives, the fund was to pass to Ella's "next of kin in accordance with the *present* intestate laws of the Commonwealth of Pennsylvania" (emphasis supplied). The orphans' court properly concluded that this provision required the "next of kin" be determined by the intestate law in force when the will was written, The Intestate Act of 1917, Act of June 7, 1917, P.L. 429.

[5] The orphans' court apparently declined to appoint a guardian or trustee ad litem for the potential unascertained heirs. Such an appointment is authorized by 20 Pa. S. § 3504 (Special Pamphlet, 1972). This section also authorizes the court to dispense with appointment of a trustee or guardian ad litem if there is a living person sui juris having an interest similar to that of the unascertained persons. This the orphans' court apparently also declined to do.

[6] 20 Pa. S. § 6102 (Special Pamphlet, 1972). This section provides:

"(a) Failure of original purpose.—The court having jurisdiction of a trust heretofore or hereafter created, regardless of any

614

trust may terminate the trust[7] in whole or in part if the settlor's original purpose has become impractical and termination would more nearly approximate the intent of the settlor.[8] Before the court may order termination, notice of the proposed termination must be given to all parties in interest or their fiduciaries[9] and

spendthrift or similar provision therein, in its discretion may terminate such trust in whole or in part, or make an allowance from principal to a conveyor, his spouse, issue, parents, or any of them, who is an income beneficiary, provided the court after hearing is satisfied that the original purpose of the conveyor cannot be carried out or is impractical of fulfillment and that the termination, partial termination or allowance more nearly approximates the intention of the conveyor, and notice is given to all parties in interest or to their duly appointed fiduciaries. But, distributions of principal under this section, whether by termination, partial termination, or allowance, shall not exceed an aggregate value of $25,000 from all trusts created by the same conveyor.

"(b) Distribution of terminated trust.—Whenever the court shall decree termination or partial termination of a trust under the provisions of this section, it shall thereupon order such distribution of the principal and undistributed income as it deems proper and as nearly as possibly in conformity with the conveyor's intention.

"(c) Other powers.—Nothing in this section shall limit any power of the court to terminate or reform a trust under existing law."

[7] Section 6102 by its terms permits distribution of principal with an aggregate value of up to $25,000 from all trusts created by the same settlor. The corpus of the only trust created by George E. Day is $8,783.52.

[8] Even before the enactment of § 6102 termination without the consent of all parties in interest was possible in certain circumstances. See Restatement (Second) of Trusts §§ 335, 336, 340(2) (1959) ; 4 A. Scott, Law of Trusts §§ 335, 336, 340(2) (3d ed. 1967).

[9] The orphans' court may satisfy the notice requirement by appointing a trustee or guardian ad litem for the unascertained remaindermen. Alternatively, appointment may be dispensed with if living persons adequately represent the interests of the remaindermen. 20 Pa. S. § 3504 (Special Pamphlet, 1972). See note 5 supra.

a hearing must be held to ascertain whether the settlor's original purpose has become impractical.[10]

Consent of all parties in interest is not a prerequisite to section 6102 termination. That section requires only that all such parties be provided notice of the proposed termination. Moreover, creation of a procedure for termination of impractical trusts without the consent of all parties in interest was the specific goal of the Legislature in enacting what is now section 6102. The original Commission's Comment to that section states: "Termination of trusts, which have failed in their purpose and which have become oppressive or otherwise undesirable, has been impossible in numerous instances due to inability to secure the consent of persons unborn, unascertained, or not sui juris. The purpose of this section is to give relief in such cases."[11] The Day trust appears to be a paradigmatic case for the application of section 6102.

Because the record does not indicate that the orphans' court held the hearing required by section 6102

---

[10] The court will, of course, consider the testator's original objectives as well as the present value of the trust res, the current cost of administration, and the amount of distributable income derived from the trust. *Newhall Trust*, 47 Pa. D. & C.2d 59 (O.C. Phila. 1969) ; *Mannion Estate*, 41 Pa. D. & C.2d 532 (O.C. Lackawanna County 1966) ; *Cheston Estate*, 26 Pa. D. & C.2d 61 (O.C. Montgomery County 1961). See Pa. O.C.R. §2, rule 1.

[11] Subsection (a), Commission's Comment to Section 2 of the Estates Act of 1947, Act of April 24, 1947, P.L. 100, § 2 (formerly 20 P.S. § 301.2 (1950)). Although § 2 originally applied only to trusts created after the effective date of the Act (January 1, 1948, see id. § 21 (formerly 20 P.S. § 301.21 (1950))), a 1956 amendment made this section applicable to "a trust heretofore or hereafter created." Act of February 17, 1956, P.L. (1955) 1073, § 2. See Wright, Termination of Trusts in Pennsylvania—Some Current Trends, 115 U. Pa. L. Rev. 917, 926 (1967) ; LeFever, Termination of Trusts in Pennsylvania, 96 U. Pa. L. Rev. 305 (1948).

20 Pa. S. § 6102 (Special Pamphlet, 1972) is a reenactment of this statutory scheme.

(a), we must remand. At the hearing, the court must determine whether the trust's purpose has become impractical and whether termination more nearly approximates the testator's intent. If the court decides both questions in the affirmative, it should terminate the trust and direct distribution in accordance with section 6102(b).[12]

Decree vacated. The case is remanded to the Orphans' Court Division of the Court of Common Pleas of Lancaster County for proceedings consistent with this opinion and entry of an appropriate decree. Costs to be paid by the trust.

---

[12] 20 Pa. S. § 6201(b) (Special Pamphlet, 1972). See Subsection (b), Commission's Comment to the Estates' Act of 1947, Act of April 24, 1947, P.L. 100, § 2 (formerly 20 P.S. § 301.2 (1950)).

"This subsection is required to eliminate the possible claim that the trust, upon failure of its original purpose, reverts to the settlor or to the settlor's or testator's estate. While courts apparently have ignored this possibility, it nevertheless exists."