**Traub Estate**

*Hugh M. Emory,* of *Duane, Morris & Heckscher,* for accountant.

*Vram Nedurian, Jr.,* for life tenant.

*James J. Binns,* Guardian and trustee ad litem, p.p.

*Marvin I. Block* and *Arthur M. Cooper,* for Commonwealth.

## ADJUDICATION

BRUNO, J., June 21, 1974.—This trust arose under the will of William Traub, Jr., who died December 9, 1926, leaving a will, dated September 3, 1926, and duly probated December 14, 1926. By item fourth thereof, testator devised and bequeathed the residue of his estate to his executor, in trust, to pay the income therefrom quarterly to his daughter, Alice B. Traub, now Alice Traub Civial, so long as she shall live, and upon her death to transfer the principal to said daughter's descendants, per stirpes. Should testator's daughter die without leaving descendants surviving her, trustee, at her death, is directed to transfer the principal to "such person or persons as would have become entitled thereto under the laws of the State of Pennsylvania, and upon such estate or estates as are set forth therein, had I died seised and possessed thereof, intestate, unmarried and without issue after the decease of my daughter, the said Alice B. Traub."

Item fifth thereof contained spendthrift provisions. Testator's daughter survives. She has had no issue.

The accounting is of the fund awarded to Provident National Bank, Trustee, by an adjudication of Burke, J., dated June 11, 1965. Under the terms of that adjudi-

cation, the trustee was authorized to make payment out of principal to the life tenant up to the statutory limit of $25,000, at the rate of $200 per month. By adjudication of Burke, J., dated January 30, 1968, the monthly payments were increased to $250 per month, subject to the same limit. This present accounting is filed because the trustee has made payments out of principal approaching the amount authorized. In conjunction with the filing of the account, the income beneficiary has petitioned this court to allow a further invasion of the trust corpus at a continuing rate of $250 per month.

By decree dated April 23, 1974, sur petition, James J. Binns, Esq., was appointed trustee ad litem for unborn persons having possible interests in the remainder and for all other unascertained interests. In Mr. Binns' report he recommends that the account be confirmed and that the life tenant's petition be denied.

It is stated that notice of the audit was given to all parties in interest.

By writing submitted, the life tenant waives an accounting of all income prior to January 10, 1974.

Counsel for the petitioner-life tenant urges that this court, by virtue of its common law and equitable powers, is empowered in its discretion to authorize continued monthly principal payment of $250 to the life tenant. He suggests that the remaindermen were designated merely to support the trust, that the life tenant was the primary object of the creator's bounty, and that there has been a failure of the trust's purpose due to its inability to provide for the reasonable needs of the life tenant. In support thereof he cites Restatement, 2nd, Trusts, §336; numerous lower court cases, Ryan Estate, 404 Pa. 229, and Day Estate, 455 Pa. 610 (1974). He further submits there are ample

grounds for distinguishing Bosler Estate, 378 Pa. 311 (1954).

While it is true that the Day and Ryan cases, supra, suggest that termination of, or invasion of the principal of, a trust may be appropriate in certain instances, close examination of both cases reveals they are readily distinguishable from the case at bar. Although the Day case clearly states that termination may be made where, after proper notice and hearing, it is determined that (1) the trust's purpose has become impractical, and (2) termination would more nearly approximate testator's intent, that case relied entirely upon section 6102 of the Probate, Estates and Fiduciaries Code, Act of June 30, 1972 (no. 64), 20 Pa. S. §6102, which says, in part, "distributions of principal under this section, whether by termination, partial termination, or allowance, shall not exceed an aggregate value of $25,000 from all trusts created by the same conveyor," and noted that the corpus of the trust in question, the only one created by the settlor, was only $8,783.52. Of similar effect is Ryan Estate, 404 Pa. 229. By a per curiam opinion, the court allowed disbursement from principal; however, the opinion of the Philadelphia Orphans' Court, adopted by that decision, limited such disbursements to the $25,000 amount in accordance with section 2 of the Estates Act of 1947, Act of April 24, 1947, P. L. 100, 20 PS §301.2, which applied in that instance.

Counsel for the life tenant here would have us distinguish the Bosler Estate, supra, from the instant case upon the grounds that the termination therein requested did not rest upon a failure of purpose theory. It is clear from a reading of the opinion that that is not so. The court noted:

"Here the settlor is deceased and the question there-

fore is whether her purpose in establishing the trust has been fully accomplished. Petitioner contends that because of the statement in her will, hereinbefore quoted, to the effect that her object was to make provision for petitioner and the two daughters which would assure to each of them a support throughout his or her whole life and for the comfort that she would personally derive from such knowledge, her purpose would be defeated if the order of the court below were not sustained, since the income from the trust was not adequate to render the support which the testatrix had in contemplation. Obviously, however, it would be a matter of pure speculation as to whether —whatever the change of conditions since her death— she would now want part of the corpus of the trust turned over to the petitioner, involving, as it would, the pro tanto depletion of the fund from which the income was to be derived and with the future payments ordered out of corpus made available to the claims of creditors and assignees because not subject to the spendthrift trust provision. Since she must have realized that changes might occur both in the amount of the income from the trust and in the varying circumstances of petitioner's life it would have been easy for her, had she so intended, to authorize the trustee in its discretion to advance portions of the corpus to petitioner if conditions at any time so dictated": Bosler Estate, supra, at 337.

It is also pertinent that the court in Bosler found section 2 of the 1947 Estates Act, now section 6102 of the Probate, Estates and Fiduciaries Code, inapplicable because it was not retroactive. We have already seen that this section cannot be used as a basis for relief in this case since it has already been utilized to the fullest extent possible.

Further, the Bosler court suggested:

"It is always to be remembered that consideration for the beneficiary does not even in the remotest way enter into the policy of the law; it has regard solely to the rights of the donor. Spendthrift trusts can have no other justification than is to be found in considerations affecting the donor alone. They allow the donor to so control his bounty, through the creation of the trust, that it may be exempt from liability for the donee's debts, not because the law is concerned to keep the donee from wasting it, but because it is concerned to protect the donor's right of property. . . . We repeat, spendthrift trusts are allowed not because the law concerns itself for the donee; he may conserve or dissipate as he pleases; the law's only concern is to give effect to the will of the donor as he has expressed it."

This law is clearly applicable to the case now before this court.

Accordingly, the life tenant's petition is hereby denied.

There was no objection to the account, which shows a balance of principal of $69,387.63 which, composed as therein indicated, is awarded to Provident National Bank, Trustee, in further trust for the uses and purposes of the will, less payment of $250 compensation to James J. Binns, Esq., for his services as trustee ad litem, and payment of $1,125 to Duane, Morris & Heckscher, Esqs., for services as counsel for the accountant.

The account shows a balance of income of $323.22 which is awarded to Alice Traub Civial.

The above awards shall be subject to all payments heretofore properly made on account of distribution.

Payment and distribution is so decreed, and leave is hereby granted to the accountant to make all necessary transfers and assignments.

And now, June 21, 1974, the account is confirmed nisi.

OPINION SUR EXCEPTIONS TO ADJUDICATION

Before KLEIN, Adm. J., SHOYER, GUTOWICZ, BRUNO and PAWELEC, JJ.

KLEIN, A. J., November 22, 1974.—The law is settled beyond question in this State that when a creator of a spendthrift trust is deceased, the trust cannot be terminated or modified by the court even though all the beneficiaries desire that it should be: See Dodson v. Ball, 60 Pa. 492 (1869); Shower's Estate, 211 Pa. 297 (1905); Moser's Estate, 270 Pa. 217 (1921); Baughman's Estate, 281 Pa. 23 (1924); Rehr v. Fidelity-Philadelphia Trust Co., 310 Pa. 301 (1933); Harrison's Estate, 322 Pa. 532 (1936); Bowers' Trust Estate, 346 Pa. 85 (1943); Heyl Estate, 352 Pa. 407 (1945). We are in agreement with the learned auditing judge that the instant case is controlled by Bosler's Estate, 378 Pa. 311, 333 (1954),[1] in which the late Chief Justice Horace Stern, speaking for a unanimous court, reaffirmed this principle in clear, unequivocal language. We are without authority to overrule this rule of law so definitely enunciated by the Supreme Court and so firmly embedded in our law for over a hundred years. If it is to be changed, it must be by the Supreme Court, not by us.

The legislature has attempted to ameliorate the hardship often caused by this rigid, inflexible rule, by enacting the Estates Act of 1947, Act of April 24, 1947, P. L. 100, 20 PS §301.1, et seq. Section 2 of this act authorized the court having jurisdiction of a trust to terminate it, in its discretion, in whole or in part, or

---

[1] See also Cannistra Estate, 384 Pa. 605 (1956); Grote Trust, 390 Pa. 261 (1957); Bonham Estate, 393 Pa. 355 (1958); Kelsey Estate, 393 Pa. 513 (1958); Davis Estate, 449 Pa. 505 (1972), all decided after Bosler.

to make an allowance from principal to certain income beneficiaries, regardless of any spendthrift or similar provision therein, provided the court is satisfied that the original purpose of the creator of the trust cannot be carried out or is impractical of fulfillment and that the termination, partial termination or allowance more nearly approximates the intention of the creator of the trust. *Distributions of principal under the authority thus given were not, however, to exceed an aggregate value of $25,000 from all trusts created by the same person.* This sum has already been expended from principal in the present case.

The legislature has recognized the inflationary trend which is reducing the purchasing power of the dollar and is consequently causing great distress and inconvenience in many cases. It has on occasion attempted to remedy the resulting unhappy situation. We need but cite a few examples. The share payable to a surviving spouse of a decedent who died without leaving issue, fixed at $10,000 and one-half of the balance, in section 2 of the Intestate Act of 1947, Act of April 24, 1947, P. L. 80, 20 PS §1.2, was increased to $20,000 and one-half of the balance, in 1967. The family exemption in the amount of $750 fixed in section 211 of the Fiduciaries Act of 1949, Act of April 18, 1949, P. L. 512, 20 PS §320.211, was increased this year to $2,000. The special method of distribution permitted in section 731 of the Fiduciaries Act of 1949 in estates where the gross assets are less than $1,000 has been extended to estates of less than $5,000. The amount which an employer may pay to a spouse, child or other designated relatives by the employer of a decedent fixed at $250 in section 201 of the Fiduciaries Act of 1949 was increased in 1974 to $2,000.

The Estates Act of 1947 has been repealed and included by the legislature in the Probate, Estates and

Fiduciaries Code, effective July 1, 1972. Section 6102 of the code is a re-enactment without change of section 2 of the Estates Act of 1947. The limitation of $25,000 fixed in section 2 has been retained. Since the legislature has not seen fit to increase this limitation either in the code or by subsequent legislation, we are bound by it.

We have great sympathy for Alice Traub Civial, testator's daughter, who was obviously his prime concern. We would like to help her but we have no authority to increase the $25,000 limitation fixed by the statute. This can be done only by the legislature.

As pointed out in the adjudication by Judge Bruno, Day Estate, 455 Pa. 610 (1974), and Ryan Estate, 404 Pa. 229 (1961), upon which exceptant relies, are readily distinguishable.

The exceptions are dismissed and the adjudication is confirmed absolutely.